# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JESUSITA GUERRERO CORRALES,**

    **Plaintiff,**

v.                                              Case No: 5:19-cv-278-Oc-30PRL

**EL EXPRESO GROUP, LLC,**
**TORNADO BUS COMPANY and**
**ARMANDO MORENO CASAS,**

    **Defendants.**

## ORDER

Before the Court is Plaintiff's motion to compel designation and scheduling of corporate representative deponents. (Doc. 12). Defendants filed a response and aver that they have identified corporate representatives to Plaintiff but did not address whether the scheduling issue has been resolved. (Doc. 13). While it is not entirely clear, it appears based on the motion and the exhibits that counsel for the parties only communicated through email to resolve the issues and did not do so successfully.

Local Rule 3.01(g) provides that "[b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." The purpose of

Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc*., 944 F. Supp. 876, 878 (M.D. Fla. 1996).

While the court is well aware that email is a customary way of communicating, courts have interpreted "communicate" to mean "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n.1 (M.D. Fla. Aug. 14, 2000). This is noted because it seems that better communication might eliminate or narrow the discovery issues in this case. A few telephone calls may have more quickly revealed the Plaintiff's desire to conduct the depositions in person, an agreement to limit the scope of them sooner, and quicker resolution to calendar availability.

It is somewhat unclear, given the response to the motion, what issues, if any, remain unresolved. Accordingly, the parties shall communicate directly about this. In addition, while Rule 30 compels certain action by a defendant in terms of individual and corporate depositions, and while the Court certainly encourages cooperation between the parties and our Local Rules address giving at least 14 days-notice to a deponent, Plaintiff is asking the Court to compel responses or action to a <u>draft notice</u>, not a notice or subpoena setting the deposition. If Plaintiff, after directly communicating with Defendants, seeks action from the Court, Plaintiff shall address whether the request is ripe.

Accordingly, Plaintiff's motion is **DENIED without prejudice**. If issues remain to be resolved, Plaintiff may file a motion after the parties have satisfied the requirements of Local Rule 3.01(g). To that end, the parties are **DIRECTED**, within ten days of the date of this Order, to confer either **in person or via telephone** regarding the issues raised in Plaintiff's motion to compel. The Court is disinclined to award fees or costs to either party at this time.

**DONE** and **ORDERED** in Ocala, Florida on January 7, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties